UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Specialized Loan Servicing, LLC</u>,
        Appellant

        v.                                    Case No. 20-cv-1039-SM
                                              Opinion No. 2021 DNH 174

<u>Town of Bartlett</u>,
        Appellee


# <u>O R D E R</u>

Appellant, Specialized Loan Servicing, LLC ("SLS"), filed an adversary proceeding in the bankruptcy court, seeking to resolve a lien-priority dispute with the Town of Bartlett, New Hampshire.  Invoking that court's equitable authority, SLS asked the bankruptcy judge to reprioritize liens attached to property at 1467 Route 302 in Bartlett.  SLS sought priority for its mortgage deed over a superior lien that the Town had recorded prior in time.  The bankruptcy court denied SLS's request and granted summary judgment in favor of the Town.  SLS appealed that decision to this court.

By order dated September 29, 2021, the court affirmed the bankruptcy court's grant of summary judgment in favor of the Town, holding that the bankruptcy court "correctly and properly

declined to exercise its equitable powers to reprioritize the liens in SLS's favor."  Order dated September 29, 2021 (document no. 12) (the "September Order") at 24.  SLS now moves for rehearing of that decision.  See Fed. R. Bank. P. 8022.

To prevail on its motion for rehearing, SLS bears a significant burden:

> The standard for granting such a motion, derived from Rule 40 of the Federal Rules of Appellate Procedure, requires the movant to state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended.  This standard is strict.  The purpose is not to allow the movant to reargue his case.  Rather, the sole purpose of rehearing is to direct the court's attention to a material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result.

In re Soundview Elite Ltd., No. 14-CV-7666 JPO, 2015 WL 1642986, at *1 (S.D.N.Y. Apr. 13, 2015) (citations and internal punctuation omitted) (emphasis supplied).  See also In re Sears Holdings Corp., 616 B.R. 615, 623 (S.D.N.Y. 2020); In re Chase Monarch Int'l Inc., 453 F. Supp. 3d 484, 485–86 (D.P.R. 2020).

In support of its motion, SLS argues that the court erred in noting that, "Presumably, if SLS were granted the equitable relief it seeks, the Stipulation between the Town and the

trustee would be nullified."  September Order at 21.[1]  SLS then
goes on at great length to demonstrate that the Stipulation
cannot (or, at a minimum, likely will not) be "nullified."  SLS
concludes by saying that "[w]ithout that incorrect presumption,
there is no unjust prejudice from equitable subrogation."
Appellant's Motion (document no. 14-1) at 4 (emphasis supplied).

SLS misses the point entirely.  Whether the Stipulation can
or cannot be "nullified" is irrelevant.  The salient point is
this: if SLS had been the relief it sought in bankruptcy court,
both the Town and the bankruptcy trustee would have been
significantly, unfairly, and unjustly prejudiced - an outcome
equity will not endorse.  See generally September Order at 22-
23.

Both the Town and the bankruptcy trustee relied to their
detriment upon the state of the Carroll County land records, and
their reasonable (and correct) understanding that the Town held
a superior lien position on property owned by the debtor.  The
Town and trustee then spent significant time, energy, and
resources both crafting and defending the Stipulation.  The Town
also elected not to pursue other potential collection options

---

[1]    The Stipulation between the Town and the bankruptcy trustee
is discussed in greater depth in the September Order.

against the debtor, in favor of negotiating the Stipulation with
the trustee.  See September Order at 19.


     While the Stipulation between the Town and the trustee
might technically survive the equitable subordination of the
Town's lien, the benefit each party would receive from that
agreement would be substantially and unjustly diminished.  For
example, if the Town's lien were equitably subordinated to SLS's
mortgage deed, the trustee would receive less consideration in
exchange for his agreement to settle all of the debtor's claims
against the Town.  The Town would also suffer economic loss that
it likely could have avoided had it not relied on its first lien
priority and opted to negotiate the Stipulation with the
trustee.  See Appellee's Brief (document no. 10) at 15-17.  And,
as the court previously noted, "The Town and the trustee join in
saying that neither would have entered into the Stipulation –
certainly not on the terms to which they agreed - absent their
reasonable understanding that the Town held a priority lien
position with respect to the Refinanced Mortgage."  September
Order at 8.


     This case does not present a situation in which a mortgage
lender is merely seeking to correct an innocent mistake or
clerical error in the land records, with little or no meaningful

impact upon other lienholders.  Years have passed since the
repeated acts of neglect attributable to SLS, during which time
the Town and the trustee have made collection, litigation, and
settlement decisions <u>and</u> materially altered their positions in
reliance upon the records at the registry of deeds – records
that plainly and unmistakably establish the Town's superior lien
position.  <u>See generally</u> Appellee's Brief (document no. 10) at
17.  <u>See also</u> Affidavit of Gene Chandler, Chair of the Bartlett
Board of Selectmen (document no. 8-2) at 38-45; Affidavit of
Michael Askenaizer, Chapter 7 Bankruptcy Trustee (document no.
8-2) at 54-55.  Regardless of the status of the Stipulation
between the Town and the trustee, had the bankruptcy court
granted SLS the equitable relief it sought, an injustice would
have been imposed on the Town and the trustee.  <u>See generally</u>
<u>Chase v. Ameriquest Mortg. Co.</u>, 155 N.H. 19 (2007).  The
bankruptcy judge acted well within the bounds of his discretion
to deny equitable relief to SLS under the circumstances
presented.

    For the reasons discussed, as well as those set out in the
court's September Order, SLS has failed to demonstrate that the
bankruptcy court erred, or that it is entitled to the benefit of
equitable subrogation.  Nor, more importantly at this juncture,
has it demonstrated that this court overlooked or misapprehended

a material matter of law or fact which, had it been given due consideration, would probably have brought about a different outcome.  SLS's Motion for Rehearing (**document no. 14**) is, therefore, necessarily denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 12, 2021

cc:  John F. Willis, Esq.
     Christopher T. Hilson, Esq.
     Edmond J. Ford, Esq.
     Richard K. McPartlin, Esq.